Plaintiff alleges in her petition that in January, 1946, she sold defendant certain pine and hardwood timber on her land in Washington Parish, the price of the pine timber being $15 per thousand feet and the price of the hardwood being $12 per thousand; that the defendant proceeded to cut said timber and cut a total of 45,231 feet of pine timber and cut and removed 25,808 feet of hardwood timber, all of which amounted to the total sum of $988.16, on which defendant has paid the sum of $657.-49, leaving a balance due of $330.67, for which amount the suit is brought. Alleging that the defendant is a nonresident of the state, a writ of attachment was asked for and issued, attaching certain lumber on the yard at Angie, and also seizing the money due the defendant in the Washington Bank Trust Company. The property attached was bonded by the defendant.
The defendant answered and denied that he had cut and removed the amount of timber from plaintiff's land as she claims, but alleged that he had cut only 32,886 feet of pine and 13,600 feet of hardwood, amounting to a total of $656.49; that he has paid plaintiff a total of $658.49, or an overpayment of $2.
The trial judge rendered a judgment in favor of plaintiff in the sum of $255.10. No mention was made in the judgment of the attachment. The defendant has appealed suspensively from said judgment.
The only controversy between the parties is as to the number of feet of logs cut and removed from the land. The plaintiff introduced in evidence and in support of her claim relies on certain statements and tickets furnished her by the defendant showing the number of feet of pine and hardwood logs cut from her land. The first of these statements is marked Plaintiff 1 and shows a total of 1,227 feet of pine and 2,650 feet of hardwood. No itemized scale of these logs is shown on this statement, but the total number of feet evidently served as a basis for a settlement up to that time. Another statement with no itemized scale and no date marked Plaintiff 2 shows a total of 8,566 feet of pine logs and 6,907 feet of hardwood.
It seems that in the first part of February, 1946, a disagreement arose in regard to the number of feet of timber cut from the land and what is called a cleanup was had, and plaintiff was furnished with a scale introduced in evidence marked Plaintiff 3A and 3B which is claimed to show the logs cut up to the cleanup, after which defendant furnished plaintiff tickets from time to time showing the number of feet *Page 393 
cut on these tickets. There are 21 of these tickets, but the trial judge found that three of these tickets marked P 4(2) and one marked P 4(6) are duplicates of some of the scales shown on the cleanup sheet, and he deducted the number of feet on the four tickets from the total shown on all the statements and tickets, and in that way arrived at the total number of feet cut from the land. He accepted the totals as given by plaintiff as claimed on all her exhibits amounting to 45,231 feet of pine and 25,808 feet of hardwood, and deducted the duplicate tickets amounting to 3,645 feet of pine and 1,659 feet of hardwood, and reached the conclusion that defendant owes a balance of $255.10.
An examination and re-check of the above mentioned tickets which the trial judge found to be duplicates of the scale on P 3A and P 3B shows that he was correct, and consequently we have eliminated these four tickets from the calculations in trying to reach a solution of this complicated matter.
We have made a careful re-tabulation of the log scales shown on plaintiff's exhibits 3A and 3B, and find that there is shown thereon a total of 14,654 feet of pine and 9,063 feet of hardwood. We have also made a careful re-tabulation of the number of feet of pine and hardwood timber shown on the tickets furnished plaintiff after the cleanup, excepting the tickets which are duplicates of some of the scale shown on P 3A and P 3B, and we have accordingly discarded this duplication. We find on these tickets a total of 20,068 feet of pine and 2,671 feet of hardwood, making a total of 34,722 feet of pine and a total of 11,734 feet of hardwood timber shown on plaintiff's exhibits 3A and 3B and all the tickets furnished plaintiff after the cleanup (excepting the duplications).
We have not included in this computation the number of feet of pine and hardwood timber shown on plaintiff's exhibits 1 and 2, as these exhibits do not show a scale of the timber, and we are satisfied that the total number of feet shown on these two exhibits is included in the detailed scales in P 3A and P 3B which were made at the time of the cleanup and were intended to cover all timber cut up to that time. While the evidence on this point is not as clear as it might be, we think the principal dispute arises from the fact that plaintiff has included in the tabulation of the amount of timber cut from her land the total number of feet shown on these memorandum sheets marked P 1 and P 2, but which were evidently given when checks were issued to cover the timber cut up to that date. If the total number of feet shown on these two sheets was not included on the cleanup scale represented by P 3A and P 3B, then there should be added to the totals as shown by our computation 9,793 feet of pine, making a total of 44,515 feet of pine, and an additional 9,557 feet of hardwood, making a total of 21,291 feet of hardwood.
However, as already stated, we think our method of computation by omitting the totals shown on these two memorandum sheets is the correct method of arriving at the total amount of timber cut from plaintiff's land. Therefore, defendant owes plaintiff for 34,722 feet of pine timber at $15 per thousand, or the sum of $520.83. Defendant admits in Article 3 of his answer, and he is bound by that admission, that he cut 13,600 feet of hardwood timber from plaintiff's land valued at $12 per thousand, or a total of $163.20 for the hardwood timber. This makes a total of $684.03 for the pine and hardwood, less the sum of $658.49 admittedly paid, leaving a balance due plaintiff of $25.54. The judgment will be amended accordingly.
For the reasons assigned, the judgment appealed from is amended by reducing the amount from $255.10 to the sum of $25.54, and as thus amended, the judgment is affirmed; plaintiff to pay the cost of the appeal, and defendant to pay all other costs. *Page 394